```
C-13-7a
(Rev. 8/06)
```

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| In Re: | ) | **ORDER CONFIRMING PLAN** |
| | ) | **CHAPTER 13** |
| | ) | |
| Trina Green Gunter        xxx-xx-1620 | ) | **Case No.** B-07-80117 C13D |
| 27 Lamm Lane | ) | |
| Sanford, NC  27330 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

    This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and

    IT APPEARING to the Court as follows:

A.    The Trustee in this case is Richard M. Hutson, II, 300 West Morgan Street, PO Box 3613, Durham, NC  27702-3613;

B.    The attorney for the Debtor is  John T. Orcutt;

C.    Under the final plan (the "Plan") as proposed:

    **I.  Plan Payments**

        1.    The Debtor is to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this order;

        2.    The monthly plan payment to the Trustee is $1,181.00 beginning  3/9/07;

        3.    The Trustee is the disbursing agent on the attorney fee and all claims unless otherwise indicated;

    **II.  Administrative Costs**

        1.    **Attorney Fees**.

            [X] The Attorney for the Debtor will be paid the base fee of $2,500.00.  The Attorney has received $400.00 from the Debtor pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

            [ ] The Attorney for the Debtor has filed application for approval of a fee in lieu of the presumptive fee and the attorney fee will be allowed by separate order.

ej

2. **Trustee costs**. The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

**III. Priority Claims**

Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

1. **Internal Revenue Service**
2. **North Carolina Department of Revenue**
3. **Lee County Tax Collector**

**IV. Secured Claims**

1. Continuing Long Term Debts Pursuant to 11 U.S.C. §1322(b)(5) secured by Real or Personal Property.

    a. To Be Paid Directly By The Debtor.

    To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property.

    | Creditor & Property | Claim Filed (Y/N) | Regular Payment |
    |---|---|---|
    | **NONE** | | |

    b. To Be Paid By The Trustee.

    The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment. Any pre-confirmation adequate protection payments on personal property claims, if applicable, will be credited first to the arrearage.

    | Creditor & Property | Claim Filed (Y/N) | Regular Ongoing Payment and Effective Month | Arrearage Due Through Month and Amount | Arrearage Payment |
    |---|---|---|---|---|
    | **Green Tree Servicing** Deed of Trust | Y | $692.45  4/07 | 3/07 = $2,673.12 | $52 |
    | **CitiFinancial** 2nd Deed of Trust | Y | $243.89  4/07 | 1/07 = $578.49 plus 2/07 thru 3/07 = $1,066.27 | $31 |

2. Real Property Secured Claims To Be Paid In Full.

   To receive disbursements, a creditor must file a proof of claim with evidence of a non-preferential perfected lien. If a claim has not been filed the amount to be paid has been estimated by the Debtor.

| Creditor & Property | Claim Filed(Y/N) | Amount | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Lee County Tax Collector** Real property tax | N | unknown | To be determined | 9% |
| **Providian National** Judgment | N | $1,271 | $25 | 8% |

3. Personal Property Secured Claims To Be Paid In Full.

   To receive disbursements, a creditor must file a proof of claim with evidence of a non-preferential perfected lien. If a claim has not been filed the amount to be paid has been estimated by the Debtor. Any pre-confirmation adequate protection payments disbursed by the Trustee will be credited against the principal amount to be paid.

| Creditor & Property | Claim Filed(Y/N) | Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

4. Real Property and Personal Property Partially Secured Claims.

   Any timely filed proof of claim documenting evidence of a non-preferential perfected lien against the property indicated below will be paid by the Trustee as secured up to the value of the property as indicated with any balance being an unsecured general claim. The property is found to have a value not to exceed the amount indicated below. Any objection to valuation is required to be filed as a formal objection to valuation not later than 60 days from the date of the entry of this order. Upon timely filing of an objection to valuation, a valuation hearing will be scheduled. Should no timely objection to valuation be filed, the value of the property is found to be as indicated below. No disbursement will be made until the timely filing of a proof of claim showing a non-preferential perfected lien. Any pre-confirmation adequate protection payments disbursed by the Trustee, if applicable, will be credited against the secured value to be paid.

| Creditor & Property | Claim Filed(Y/N) | Secured Value | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

5.  Real Property To Be Released.

    Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 180 days from entry of this order to file a documented deficiency claim after liquidating the property which, if timely filed, will be paid as an unsecured general claim. Failure to file a timely deficiency claim shall result in any release of the property being in full satisfaction of the debtor's liability. Any excess proceeds remaining after satisfaction of liens shall be turned over to the Trustee.

    | Creditor | Property to be released | Claim filed (Y/N) |
    |---|---|---|

    **NONE**

6.  Personal Property To Be Released.

    Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 120 days from entry of this order to file a documented deficiency claim after liquidating the property. Any such timely claim, if allowed, will be paid as an unsecured general claim. Failure to file a timely deficiency claim shall result in any release of the property being in full satisfaction of the debtor's liability. Any excess proceeds remaining after satisfaction of liens shall be turned over to the Trustee.

    | Creditor | Property to be released | Claim filed (Y/N) |
    |---|---|---|

    **NONE**

**V.  Specially Classified Co-Debtor Claims**

Creditors indicated below will be paid in full with interest at the contract rate. To receive disbursements, a creditor must file a timely claim documenting either liability of the Debtor and a non-Debtor or documenting non-Debtor property securing a debt of the Debtor.

| Creditor | Claim Filed(Y/N) | Filed or Estimated Amount | Monthly Payment |
|---|---|---|---|

**NONE**

**VI. General Unsecured Claims Not Separately Classified**

General unsecured claims not separately classified will be paid on a pro rata basis as funds become available after payment of costs of administration. The estimated dividend to general unsecured claims is 0%.

**VII. Executory Contracts/Leases**

The following executory contracts or leases are assumed.

1. To Be Paid directly by Debtor.

    A proof of claim must be filed, documenting the contract or lease.

    | Creditor | Property | Monthly Payment |
    |---|---|---|

    **NONE**

2. To Be Paid by the Trustee.

    A proof of claim must be filed, documenting the contract or lease, in order for disbursements to commence.

    | Creditor & Property | Regular Monthly Payment and Effective Date | Arrearage Due Thru Month Indicated & Amount of Arrearage | Payment |
    |---|---|---|---|

    **NONE**

3. The following executory contracts or leases are rejected.

    | Creditor | Property | Monthly Payment |
    |---|---|---|

    **NONE**

**VIII. Special Provisions**

**NONE**

**IX.** The Debtor will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, OR a minimum of 36 monthly plan payments with the plan to be reviewed in six (6) months and periodically thereafter for plan payment adjustments.

**X.** There will be no separate payment on arrearage claims unless indicated otherwise herein; and,

**XI. IT FURTHER APPEARING** to the Court:

(i) The Plan complies with the provisions of Chapter 13 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code.

(ii) All fees, charges or amounts required to be paid before confirmation of the Plan or by the provisions of Title 28, United States Code, have been paid.

(iii) The Plan has been proposed in good faith and not by any means forbidden by law.

(iv)     As of the effective date of the Plan, the value of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim on such date if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

(v)      With respect to each allowed secured claim provided for in the Plan, the treatment complies with 11 U.S.C. §1325(a)(5).

(vi)     The Debtor will be able to make all plan payments and to comply with the Plan.

(vii)    The Debtor's filing of this case was in good faith.

(viii)   The Debtor is current on all post-petition domestic support obligations.

(ix)     The Debtor has filed all applicable required tax returns.

(x)      The Plan has been transmitted to all parties in interest and the notice of the confirmation hearing required by Bankruptcy Rules 2002 and 3015 has been given.

(xi)     Any filed objections to the Plan not specifically addressed herein are hereby overruled.

(xii)    Debtor's attorney fees proposed in the Plan and set forth below are found to be reasonable and are hereby approved and allowed; therefore, it is

ORDERED as follows:

1.  The Plan is confirmed.

2.  The Trustee shall collect and disburse the payments in accordance with the Plan and this order as soon as practicable.

3.  The payments shall continue as provided in the Plan and this order until voluntarily increased by the Debtor or until further orders are entered affecting the Plan or the payments.

4.  The attorney for the Debtor is allowed a fee in the amount of $2,500.00 and such amount, less payments received pre-petition, will be paid by the Trustee as funds are available unless otherwise ordered by the Court.

5.  The Trustee shall receive from plan payments such expenses and compensation as provided under the Bankruptcy Code, Title 28 of the United States Code and orders of this Court.

6.  The Debtor must obtain the approval of the Trustee before incurring any debt of $1,000.00 or less. The Debtor must obtain the approval of the Court before incurring any debt greater than $1,000.00. All credit cards shall be canceled and surrendered immediately.

7.  During the term of the Plan the Debtor shall timely file all required federal and state tax returns and pay all taxes when due.

8. The Debtor shall provide copies of tax returns to the Trustee within 10 (ten) days of the Trustee's request. The Trustee may request that the Debtor provide copies of future tax returns. If so, the Debtor shall provide the copy within 10 (ten) days after the return is filed. The Debtor's failure to provide post-petition tax returns may constitute cause for conversion to Chapter 7 or dismissal of the case under 11 U.S.C. §1307(c).

9. The Debtor shall remain current on all post-petition domestic support obligations, if any, and the Debtor's failure to pay post-petition domestic support obligations may constitute cause for conversion to Chapter 7 or dismissal of the case under 11 U.S.C. §1307(c).

10. All creditors holding allowed secured claims under Article IV, Sections 5 and 6, to whom the Debtor is surrendering property pursuant to this Plan are granted relief from the automatic stay so that they may obtain possession and liquidate the security interest.

11. Creditors with pre-petition claims that are excepted from the Debtor's discharge are enjoined from initiating any collection actions against the Debtor until this case is closed, dismissed or converted to another chapter under Title 11 unless the creditor obtains relief from this Order.

12. The term of the Plan may be extended up to 60 months to pay priority and secured claims in full.

13. The Debtor shall not transfer any interest in real property or personal property having a value greater than $750.00 without the prior approval of this Court.

14. The Debtor shall maintain collision insurance on any vehicle on which there is a lien. If insurance is not maintained, the Debtor is ordered to store the vehicle as directed by the Trustee.

15. The employer of the Debtor shall deduct and remit funds from the wages, salary or commissions of the Debtor as directed by the Trustee.

16. Providing for a claim under the Plan does not bar objections to the claim.

17. Notwithstanding any provision of the Plan to the contrary, all property of the estate, as specified by 11 U.S.C. §§541 and 1306, shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, conversion or closing of the case.

18. The property serving as collateral for secured claims is valued at the amounts allowed herein with the exception of fully secured claims for which the value is deemed to be equal to or greater than the allowed secured claim. The property serving as collateral for secured claims is necessary to the Debtor for successful completion of the plan.

19. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the Plan is without res judicata effect as to any action to avoid a lien.

20. If real or personal property is surrendered after confirmation, all payments on any secured claim will terminate effective with the release.

21. Pursuant to 11 U.S.C. §365(p)(3), if a lease of personal property in which the Debtor is lessee is not assumed prior to or pursuant to the entry of this order, the leased property is no longer property of the estate and the stay under 11 U.S.C. §362 and the co-debtor stay under 11 U.S.C. §1301 are automatically terminated.

22. All insurance and extended service contract coverage on unsecured general claims are canceled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein.

23. The Internal Revenue Service and the North Carolina Department of Revenue are authorized to offset any refund due the Debtor against any allowed secured or priority claim and to issue refunds directly to the Debtor unless otherwise ordered by this Court or instructed by the Trustee.

24. All creditors during the pendency of this case are restrained from commencing or continuing any civil action or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this Plan from any individual that is liable on such debt with the Debtor as endorser, guarantor or co-maker unless further ordered by the Court.

25. The holder of any claim secured by a lien on property of the estate, other than a mortgage or lien treated in Section C IV(1)(a)or(b), shall retain the lien until receipt of all payments provided for by this plan on account of the claim, including payments on account of any unsecured portion of the claim, at which time the lien shall terminate and be released by the creditor.

26. Claims secured by a mortgage on real property of the Debtor, or a mobile home of the Debtor, set out in Section C IV(1)(a) or (b) of this order, shall be treated as follows:

    a. **Monthly payment change**. If the monthly payment on the account changes, the creditor must inform the Trustee and the Debtor in writing either before the change or within 30 days after the change and must include an itemization of the payment change by principal, interest, escrow and any other costs. **Failure to provide such notice shall result in a waiver by the creditor of the right to collect any increase in the monthly payment for which notice thereof was not provided in accordance with this paragraph unless otherwise ordered by the Court.**

    b. **Pre-petition defaults**. If the cure amount specified in Section C IV(1) is paid and all required post petition payments are timely paid, the mortgage shall be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

c. **Post-petition defaults**. Within 30 days of issuing the final payment of any amount specified in Section C IV(1)(b), the Trustee will serve upon the mortgagee, the Debtor, and any attorney for the Debtor a notice stating (1) that the cure amount has been paid, satisfying all pre-petition mortgage obligations of the Debtor, (2) that all post-petition mortgage obligations have been paid, (3) that the mortgagee is required to treat the mortgage as reinstated and fully current in all obligations under the mortgage, (4) that if any post-petition obligations have not been timely paid, the mortgagee is required to itemize all outstanding obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the Trustee, the Debtor, and any attorney for the Debtor, within 60 days of service of the notice from the Trustee (or such longer time as the Court may order), (5) that if the mortgagee fails to file and serve a statement of the outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current in all obligations as of the date of the Trustee's notice, and (6) that if the mortgagee does serve a statement of outstanding obligations within the required time, the Debtor or the Trustee may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, on notice to the mortgagee, with the Court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the Debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the Court to be invalid or are not paid by the Debtor through modified plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the Trustee to serve the notice required by this subparagraph.

d. **Costs of collection**. Costs of collection, including attorneys' fees, incurred by the claim holder after the filing of this bankruptcy case and before the final payment under the plan may be added to the arrearage amount referred to in Section IV(1) of this order pursuant to order of the Court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (c) above.

27. The Trustee is authorized to record on the public records any documents the Trustee deems advisable for the purpose of giving all persons notice of this case.

```
RICHARD M. HUTSON, II
STANDING TRUSTEE
P.O. BOX 3613
DURHAM, NC 27702-3613
```

CitiFinancial
PO Box 70919
Charlotte, NC 28272-0919